1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  JULIE L. GARLAND
   Senior Assistant Attorney General
4  ANYA M. BINSACCA
   Supervising Deputy Attorney General
5  PATRICIA WEBBER HEIM, State Bar No. 230889
   Deputy Attorney General
6    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA 94102-7004
7    Telephone: (415) 703-5603
     Fax: (415) 703-5843
8    Email: Patricia.Heim@doj.ca.gov

9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **ARODY RAMOS TOME,**<br><br>Petitioner,<br><br>v.<br><br>**B. CURRY, Warden,**<br><br>Respondent. | C07-04008 JF<br><br>**RESPONDENT'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:  The Honorable<br>            Jeremy Fogel |

TO ARODY RAMOS TOME THROUGH HIS ATTORNEY STEVE DEFILIPPIS:

PLEASE TAKE NOTICE that Respondent Ben Curry, Acting Warden at the Correctional Training Facility, [1] moves this Court to dismiss the Petition, pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts because Tome's

---

1. A proper habeas respondent is the person having custody of the petitioner, such as the warden. Rules Governing § 2254 Cases, Rule 2(a). But since the actions complained of in this Petition involve the parole consideration process, Respondent and the Board of Prison Terms (now known as the Board of Parole Hearings and hereinafter referred to as the "Board") are used interchangeably.

Not. of Motion, Motion to Dismiss, Supp. P.&A.                    Tome v. Curry
                                                                                                                 C07-04008 JF

1

claim regarding his 1983 plea agreement, the sole claim in his federal Petition, is barred by the statute of limitations. This motion is based on the notice, motion, and exhibits; the supporting memorandum of points and authorities; the petition for writ of habeas corpus; the court records in this action; and other such matters properly before this Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

Petitioner Arody Tome is a California state prisoner proceeding with counsel, Steve Defilippis, in this matter. Tome is lawfully in the custody of the California Department of Corrections and Rehabilitation after he pled guilty to one count of attempted murder, one count of first degree murder, one count of kidnap for robbery, and a weapons enhancement. (Pet. at 2.) He was sentenced to a determinate term of nine years, with a twenty-five-year-to-life indeterminate sentence to begin following the nine-year term. (*Id.*) Tome does not challenge his conviction in this Petition. (*Id.*) Rather, Tome challenges the calculation of half-time credits and alleges that after the California Department of Corrections and Rehabilitation recalculated his credits in 1992, his initial parole consideration hearing date was changed from 2006 to 2011. (Pet. at 2-3.)

In his Petition, Tome alleges that his state and federal due process rights were violated because "despite the contract that had been entered into between Mr. Tome and the State, and despite Mr. Tome having complied fully with his obligations under the contract," the California Department of Corrections and Rehabilitation breached this contract when it changed his "possible release date" from 2006 to 2011, thus rendering his plea "invalid." (Pet. at 3.)

In its Order to Show Cause, this Court found Tome's Petition merited a response. The Petition should be dismissed because Tome's claim regarding his 1983 plea agreement is barred by the statute of limitations.

///
///
///
///

Not. of Motion, Motion to Dismiss, Supp. P.&A.

*Tome v. Curry*
C07-04008 JF

2

## ARGUMENT

### TOME'S CLAIM CHALLENGING HIS 1983 GUILTY PLEA IS BARRED BY THE ONE-YEAR STATUTE OF LIMITATIONS.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year statute of limitations for 28 U.S.C. § 2254 habeas petitions. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Because Tome is in custody pursuant to a state court judgment, his habeas petition is properly considered under § 2254.

The Ninth Circuit Court of Appeals has held that the one-year limitation period of § 2244 applies to all habeas petitions filed by persons in custody pursuant to the judgment of a state court even if the petition challenges an administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1062-63 (9th Cir. 2004). In habeas petitions that challenge decisions of administrative bodies such as parole and disciplinary boards, subsection (D) of § 2244(d)(1) applies. *Shelby*, 391 F.2d at 1066; *see also Redd v. McGrath*, 343 F.3d 1077, 1081-82 (9th Cir. 2003). That subsection specifies that the limitation period runs from, among other things, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

Here, the "factual predicate" or basis of Tome's claim regarding his plea agreement was his belief that as a result of his plea, his term would be computed utilizing half-time credits on both the determinate portion of his term as well as the indeterminate portion of his term. (Pet. at 3). *See Shelby*, 391 F.3d at 1066; *see also Redd*, 343 F.3d at 1092. Tome's sentence was recalculated on June 4, 1992. (Pet'r's Ex. E.) Tome received a copy of this recalculation at that time. (*Id.*) Because this date occurred before AEDPA went into effect on April 24, 1996, the statute of limitations began running on April 25, 1996, the day after AEDPA went into effect. *Shelby*, 391 F.3d at 1066. Tome's attorney did not notify the prison that Tome sought to rectify

Not. of Motion, Motion to Dismiss, Supp. P.&A.

*Tome v. Curry*
C07-04008 JF

this matter in any way until November 30, 2005. (Pet'r's Ex. F.) Tome did not file his habeas petition with the Los Angeles County Superior Court until December 8, 2006, over fourteen years after he received notice that his credits had been recalculated and approximately ten years after AEDPA went into effect. Tome did not file his petition in this Court until August 2007. Because the factual predicate of Tome's plea agreement claim arose over fifteen years before Tome sought federal habeas relief, this claim must be denied as untimely.

## CONCLUSION

Tome's claims challenging his 1983 plea agreement and 1992 recalculation of his minimum eligible parole date are barred by the statute of limitations therefore, Respondent respectfully requests that the Petition be dismissed.

Dated: September 17, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

PATRICIA WEBBER HEIM
Deputy Attorney General
Attorneys for Respondent

20103700.wpd
SF2007200690

Not. of Motion, Motion to Dismiss, Supp. P.&A.

*Tome v. Curry*
C07-04008 JF