STEVE M. DEFILIPPIS, Esq.
State Bar #117292
PICONE & DEFILIPPIS, A P.L.C.
625 N. First Street
San Jose, CA 95112
(408) 292-0441

Attorneys for Petitioner,
ARODY RAMOS TOME

*IN THE UNITED STATE DISTRICT COURT*

*FOR THE NORTHERN DISTRICT OF CALIFORNIA*

*SAN FRANCISCO DIVISION*

| | |
|---|---|
| ARODY RAMOS TOME, | Case No. C07-04008 JF |
| Petitioner, | [L.A. Co. Sup. Ct. Case # A803876; Sup. Ct. Case # BH003762; Ct of App. Case #B197287; Cal. Supreme Ct. Case #S151755] |
| v. | |
| BEN CURRY, Warden, | |
| Respondent, | |
| On Habeas Corpus. | ***OPPOSITION TO MOTION TO DISMISS*** |
| _____ / | |
| BOARD OF PAROLE HEARINGS, ARNOLD SCHWARZENEGGER, Governor, | |
| Real Parties in Interest. | |
| _____ / | |

### *INTRODUCTION*

Respondent's motion is based on a fundamental misunderstanding of Petitioner's claim. Respondent apparently believes the breach of his plea contract to be when the CDC counselor changed Mr. Tome's minimum eligible parole date (MEPD) from 2007 to 2011. Motion, pg. 2. However, that was simply a ministerial act, one that was subject to being changed or modified at any time, and done solely for CDC's internal record keeping purposes. Most importantly, it did

1

not cause any immediate harm to Mr. Tome. To the contrary, the only time that the breach could possibly have occurred when the Board of Parole Hearings refused to conduct his parole hearing prior to his MEPD in 2007. This is fundamental, as CDC was not a party to the plea contract, and simply has no authority to take any action that could breach the agreement. On the other hand, the Board of Parole Hearings is deemed under California law to be an extension of the sentencing Court, as the sentencing process is not considered complete until the Board has acted to set the inmates term and released him or her on parole. See *In re Roberts*, 36 Cal.App.4th 575 at 589-590 (2005); see also *In re Sena*, 94 Cal.App.4th 836, at 839 (2003). Thus, it is the Board, acting on behalf of the Court for the purpose of setting the term, that breached the plea agreement when it refused to set Mr. Tome's initial parole hearing prior to the expiration of his minimum term, which under the halftime calculation was in 2007. See Exhibit F.

Prior to that time, the ministerial act of CDC in calculating a minimum term is one that is subject to change without notice or any formal proceeding, and is made by an entity having no formal connection to the plea contract, and thus no standing or ability to breach it. Certainly, this cannot be considered to be a final administrative decision upon which habeas rights would attach. Instead, it is merely a counselor's opinion as to when the term expires, and it is incumbent on the Board to make its own determination of when the term actually expires so that it fulfills its duty to conduct a timely initial hearing in accordance with *Cal. Code Regs*, tit. 15, §2268. While the Board may look at what CDC's records show as the MEPD, they, and not CDC, have the duty to conduct a timely hearing, and with that duty comes the obligation to properly and independently calculate the term, rather than relying on the ministerial act of a counselor.[1] Of course, the overriding consideration is that Mr. Tome suffers no harm until the Board fails to conduct the hearing.

Accordingly, the factual predicate for the running of the statute of limitation did not occur until November 29, 2006, the day when the Board refused to set Mr. Tome's initial hearing prior to the properly calculated 2007 MEPD based on the halftime representation made when the case settled. This was a mere eight (8) days before the first habeas petition was filed. Thereafter, Mr. Tome promptly pursued his State remedies, and filed his habeas petition just thirty seven (37) days after the petition was denied by the California Supreme Court. As such,

---

[1] Obviously, if the counselor miscalculated the MEPD and set it two years early, the Board would be under no legal duty to conduct the initial hearing at that early date. Thus, the fact that the counselor miscalculates the MEPD as being later than it should be, would not excuse the Board from their legal duty to conduct the hearing on time.

the petition was timely under the AEDPA.

## *LEGAL ARGUMENT*

In evaluating the claim by Respondent, it is noteworthy that at no time did the State Court rule that there was any issue of a failure to meet any applicable time limit presented by Mr. Tome's nearly identical petitions that were filed in those courts. In fact, the Los Angeles County Superior Court merely determined that "in enforcing the Petitioner's plea bargain, the court would be exercising a power it does not have." See Exhibit H. The Court of Appeal and the California Supreme Court issued summary denials, again failing to treat the claims as being untimely. See Exhibits I and J, respectively. This is particularly important, since in California, there is an even more restrictive potential timeline, requiring that the petition be filed within a reasonable time after the occurrence of the harm being challenge. See *In re Clark*, 5 Cal.4th 750 (1993) and *In re Robbins*, 18 Cal.App.4th 770 (1998). Obviously, the California Courts were utilizing the actual date of the harm in evaluating the claims, and not treating the claim as one that is based on conduct by an entity that is not properly considered to be a party to the plea agreement, and is thus, not in a position to even breach it. Instead, those courts treated the breaching party as being the Board of Parole Hearings, based on their refusal to set the initial hearing prior to the MEPD in 2007.

The Ninth Circuit decision are consistent that, in evaluating the "factual predicate rule" of 28 *USC* §2244(b)(1)(B), the Court must look to the date on which the decision being challenged became final. See *Shelby v. Bartlett*, 391 F.3d 1061, 1062 (9th Cir. 2004), *Redd v. McGrath*, 343 F.3d 1077, at 1080-1083 (9th Cir. 2003). Here, as discussed above, the Court must look at what is actually being challenged. Respondent attempts to characterize the challenges being to the act by CDC of doing a ministerial calculation of the minimum ineligible parole release (MEPD) date. However, there is absolutely no finality to that decision. Any counselor could come along, independently conclude that the release date calculation is incorrect, and submit a new calculation. More importantly, this calculation is meaningless, as it neither supplies a justification for the Board conducting or refusing to conduct any given hearing. While the Board may look at what CDC has in its records as the MEPD, the obligation to conduct the hearing in a timely fashion is on the Board, and thus, it is their duty to make their own independent determination of the MEPD, and not rely upon a potentially erroneous determination by a counselor with no legal training as to how to calculate an MEPD. It is only when the Board refuses to schedule the parole hearing date at the time when the Petitioner believes his MEPD is

up, based on clear statements on the record that he was entitle to a half time computation, that the Board is in breach of the plea contract. Until the time that his parole hearing should occur, Mr. Tome suffers no harm. Since the MEPD should have been in 2007, a timely request was made in November of 2006 for the Board of Parole Hearings to conduct his initial parole consideration hearing. That request was denied on November 29, as reflected in the November 30 letter to the Board's Lifer Hearing Coordinator at CTF-Soledad, Stan Martinez. Until that refusal occurred, there was no basis for a challenge to be brought. Until that time, no harm had occurred to Mr. Tome, as he had not been denied the early parole consideration hearing by the Board that he believed he was entitled to under the express representations made at the time of his sentencing.

Even more important to the resolution of the question of what constitutes the factual predicate is the nature of who is taking the action that is being challenged. Here, as is argued in the Petition and supporting Points and Authorities, a plea agreement is a tripartite contract between the prosecutor, the Defendant and the Court. Memorandum of Points and Authorities at pgs. 8-11. The Board is an entity in the same arm of the Executive Branch to which the prosecutor belongs. *Id.* at pg. 9. Significantly, as discussed above, in interpreting the California Parole scheme, the California Supreme Court has ruled that the Board is conducting part of the original sentencing function of the Court. *Roberts, supra*, 36 Cal.App.4th at 589-590. Thus, as such, the Board steps in to the shoes of the Court and the prosecutor as to what they are bound to perform by the terms of the plea contract. As such, the Board is obligated to enforce the plea, including having a duty to set a timely first hearing. Here, as is argued throughout the petition and supporting Points and Authorities, is it the Boards refusal to set Mr. Tome's initial hearing in 2006, one (1) year prior to his 2007 MEPD that constitutes the breach of the contract. Until that occurred, there was not basis for bringing the challenge, as the actual breach of the plea agreement had not yet occurred.

### *CONCLUSION*

Based on the foregoing, it is clear that the factual predicate was the Boards failure to set a parole consideration hearing during the calendar year 2006, which refusal occurred on November 29, 2006. Having refused to do so, it was at that point that Mr. Tome first had a claim or controversy to present to a Court. Since he filed his first state court preceding less than ten (10) days later, thereafter promptly pursuing his state habeas remedies, and filed his federal action less than forty (40) days after being denied by the California Supreme Court, talking all of these

steps in an overall time frame of only eight (8) months, he is clearly within the time frame of the one (1) year of statute of limitations under the AEDPA.  Therefore, Respondent's motion to dismiss must be denied.

Dated: October 17, 2007              Respectfully submitted,

LAW OFFICES OF PICONE & DEFILIPPIS


By:   /s/ Steve M. Defilippis
        STEVE M. DEFILIPPIS
        Attorneys for Petitioner,
        ARODY RAMOS TOME