\*\*E-filed 9/24/08\*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARODY RAMOS TOME,<br><br>      Petitioner,<br><br>  v.<br><br>BEN CURRY, Warden,<br><br>      Respondent. | Case Number C 07-4008 JF<br><br>ORDER[1] DENYING MOTION TO DISMISS WITHOUT PREJUDICE AND SETTING SCHEDULE FOR BRIEFING ON THE MERITS<br><br>[re: docket no. 5] |

  Respondent seeks dismissal of the instant habeas corpus petition on the ground that it is time-barred. The Court has considered the petition and supporting documents as well as the motion to dismiss and the opposition thereto.[2] For the reasons discussed below, the motion will be denied without prejudice, and the Court will set a schedule for briefing on the merits of the petition.

---

 [1] This disposition is not designated for publication in the official reports.

 [2] Respondent did not file a reply.

Case No. C 07-4008 JF
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE
(JFLC2)

## I. BACKGROUND

At the age of seventeen, Petitioner Arody Ramos Tome ("Tome") pled guilty to one count of attempted murder, an enhancement for weapon use in the attempted murder, one count of first degree murder, an enhancement for weapon use in the murder, and one count of kidnap for purpose of robbery. On April 30, 1984 Tome was sentenced to serve a total determinate term of nine years, followed by a consecutive term of twenty-five years to life, and a consecutive term of life with the possibility of parole after seven years. Tome claims that during plea negotiations, his counsel and the prosecutor expressly agreed that Tome's minimum eligible parole date ("MEPD") would be calculated based upon half-time credit with respect to both the term of nine years and the term of twenty-five years to life. Under California Penal Code § 2933, state prisoners may obtain worktime credit for participating in qualifying work, education, or training programs. Cal. Pen. Code § 2933(a). The credit is awarded on a one-to-one basis, meaning that for each day worked the prisoner's sentence is reduced by one day – thus the shorthand term "half-time credit." *Id*. Tome claims that the sentencing court agreed that half-time credit would be applied with respect to both the term of nine years and the term of twenty-five years to life. The California Department of Corrections ("the CDC")[3] initially computed Tome's MEPD based on the expected half-time credit, which computation resulted in a MEPD in 2007.

In 1987, three years after Tome's guilty plea, the California Attorney General issued an opinion stating that prisoners sentenced to indeterminate terms are not eligible for worktime credit under § 2933. 70 Ops. Cal. Atty. Gen. 49. In 1988, the California Court of Appeal upheld the Attorney General's interpretation of § 2933, but held that the prisoner in that case was entitled to worktime credit already earned. *In re Monigold*, 205 Cal. App. 3d 1224, 1227, 1232-33 (1988). Tome alleges that the CDC recalculated his MEPD based upon *Monigold*, applying

---

[3] Effective July 1, 2005, the California Department of Corrections was eliminated and replaced with the California Department of Corrections and Rehabilitation. *Lindgren v. Curry*, 451 F. Supp. 2d 1073, 1074 n.1 (C.D. Cal. 2006). For the sake of simplicity, this order refers to the entity as the "CDC."

half-time credit only with respect to the nine-year determinate term. The recalculation resulted in a MEPD in 2011, a difference of approximately four years.

Tome asserts that he entered into the plea agreement based upon the express understanding that half-time credit would apply to the term of twenty-five years to life, and that he would not have entered into the plea agreement had he known that the Board of Prison Terms (now known as the Board of Parole Hearings and referred to herein as "the Board")[4] would refuse to apply half-time credit in the agreed manner. Tome claims that the Board's refusal to apply half-time credit as agreed renders his plea unknowing and involuntary. He argues that because he already has served twenty-four years of his sentence and cannot be returned to his pre-plea position, the only appropriate remedy for this alleged Due Process violation is to require the State to provide specific performance of the agreed-upon terms of the plea agreement.

Tome filed a petition for writ of habeas corpus in the California Superior Court for the County of Los Angeles on December 8, 2006, which petition was denied on December 27, 2006. He subsequently filed an unsuccessful habeas petition in the California Court of Appeal. His petition for review was denied by the California Supreme Court on June 27, 2007. He filed the instant petition in this Court on August 3, 2007.

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1) (providing that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"). 28 U.S.C. § 2244(d)(1). This limitations period applies even when a state prisoner challenges an administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004). The statute lists four possible triggers for the limitations period; the one that applies here is "the date on which the factual predicate of the claim or claims presented

---

[4] The Board is the entity that sets an inmate's initial parole hearing and determines whether the inmate is eligible for parole.

3

could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Redd v. McGrath*, 343 F.3d 1077, 1084-85 (9th Cir. 2003) (holding that subparagraph (D) applies to habeas petitions challenging administrative decisions such as the denial of parole).

      Respondent contends that Tome was aware of the factual predicate of his claim in June 1992, when the CDC recalculated his MEPD as 2011 based upon exclusion of half-time credit with respect to the term of twenty-five years to life. Respondent asserts that Tome received a copy of the recalculation in 1992; this assertion is based upon the fact that the recalculation, stamped "INMATE COPY," is attached to the petition as Exhibit E. When the factual predicate of a habeas claim exists before April 24, 1996 (the effective date of AEDPA), the one-year limitations period begins running on the following day, April 25, 1996. *Shelby*, 391 F.3d at 1066. Tome did not notify the CDC that he objected to the recalculation until November 2005, and did not file a habeas petition in the superior court until December 2006. Thus if Respondent is correct as a matter of law that the factual predicate of the claim arose in 1992, the petition is time-barred.

      Tome contends that the CDC's 1992 recalculation of his MEPD did not trigger the one-year limitations period, because that recalculation merely was a ministerial act that was subject to change or modification at any time. Tome asserts that his MEPD was recalculated several times following the CDC's decision to apply *Monigold*, and that each recalculation resulted in a different date. Tome argues that Respondent's breach of the plea agreement occurred only when Respondent actually failed to grant him a parole hearing based upon the initial MEPD date of 2007. It was at that point, Tome contends, that the one year limitations period began to run. Tome filed a habeas petition in the superior court eight days after the date on which he believed his initial parole hearing should have been held under the original half-time credit computation. He filed the instant habeas petition thirty-seven days after the California Supreme Court denied his petition for review. Thus if Tome is correct that the factual predicate of his claim did not arise until 2006, the petition is timely.

      It is not entirely clear from the record that Tome received notice of the recalculation of his MEPD in 1992. Moreover, Respondent does not cite any cases directly supporting his

4

contention that the statute of limitations began running on the date Tome received notice of the recalculation rather than on the date Tome would have received an initial parole hearing had the plea agreement been honored.  The few decisions addressing similar due process claims based upon alleged breach of a plea agreement assume that the statute of limitations begins to run when the MEPD comes and goes without a parole hearing or parole.  *See, e.g., Crenshaw v. Tilton*, 2008 WL 878887, at *2 (S.D. Cal. March 28, 2008) (holding that inmate's claim for breach of plea agreement based upon refusal to apply half-time credits accrued on the allegedly agreed upon release date); *Cabales v. Ayers*, 2007 WL 1593869, at *10 (N.D. Cal. June 1, 2007) (holding that inmate knew the factual predicate of his claim that his plea agreement was violated when his MEPD arrived and he was not paroled); *Murphy v. Espinoza*, 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005) (holding that inmate claiming breach of plea agreement "should have been aware of the factual predicate of this claim no later than April 11, 1990, the date he believes his sentence should have expired").  These cases support Tome's legal position rather than Respondent's.  Given the lack of clarity in the record as to whether Tome received notice of the recalculation in 1992, and Respondent's failure to cite any controlling or persuasive cases in support of his position, the Court will deny the motion and require Respondent to respond to the petition on the merits.  This ruling is without prejudice to renewal of the motion or assertion of an affirmative defense that the petition is untimely in the event that Respondent is able to clarify the record and to present authority on point.

## III. ORDER

(1)   Respondent's motion to dismiss is DENIED;

(2)   Respondent shall file a return addressing the merits of the petition within sixty days after service of this order; and

(3)   Petitioner may file a traverse within thirty days after service of the return.

DATED: 9/24/08

_____
JEREMY FOGEL
United States District Judge

5

Case No. C 07-4008 JF
ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE
(JFLC2)

1  Copies of this order were served on the following persons:

3  Steve M. Defilippis flipsmd2005@yahoo.com

4  Patricia Webber Heim Patricia.Heim@doj.ca.gov, docketingSFCLS@doj.ca.gov, Johnnie.Baker@doj.ca.gov