**E-Filed 9/28/2010**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARODY RAMOS TOME,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>WARDEN BEN CURRY,<br><br>　　　　　Respondent. | Case No. 5:07-cv-04008-JF<br><br>**ORDER[1] GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>Re: Docket No. 1 |

　　　　Petitioner Arody Ramos Tome ("Tome") seeks a writ of habeas corpus. He alleges that the Board of Parole Hearings ("the Board") did not comply with his plea agreement by failing to apply half-time credits that he was promised during his sentencing, thus violating his constitutional right to due process. For the reasons discussed below, the Court agrees and will grant the petition.

**I.  BACKGROUND**

　　　　At the age of seventeen, Tome pleaded guilty to one count of attempted murder with an enhancement for weapon use, one count of first degree murder with an enhancement for weapon use, and one count of kidnapping for purposes of robbery. On April 30, 1984, Tome was sentenced to a total determinate prison term of nine years, followed by an indeterminate term of twenty-five years to life, and then life with the possibility of parole after seven years. Tome

---

[1] This disposition is not designated for publication in the official reports.

claims that he entered his plea based upon the express understanding that half-time credits would be applied to both the determinate and indeterminate portions of his sentence, effectively advancing his minimum eligible parole date ("MEPD").

Under California Penal Code § 2933, state prisoners may obtain worktime credit for participating in qualifying work, education, or training programs. Cal. Pen. Code § 2933(a). Accordingly, the California Department of Corrections and Rehabilitation ("the CDCR")[2] initially computed Tome's MEPD based on the expected half-time credit, which resulted in an MEPD of June 17, 2007. However, in 1987, the California Attorney General issued an opinion stating that prisoners sentenced to indeterminate terms are not eligible for worktime credit under § 2933. 70 Ops. Cal. Atty. Gen. 49. In 1988, the California Court of Appeal upheld the Attorney General's interpretation of § 2933. *In re Monigold,* 205 Cal. App. 3d 1224 (Cal. Ct. App. 1988). As a result, the CDCR recalculated Tome's MEPD and applied half-time credit only to Tome's nine-year determinate term. The recalculation resulted in an MEPD of September 2, 2011, a difference of approximately four years.

Tome asserts that he would not have entered into the plea agreement had he known that the Board would refuse to apply half-time credit in accordance with the agreement. He claims that the Board's refusal to apply half-time credit to both portions of his sentence renders his plea unknowing and involuntary. He also argues that because he already has served more than twenty-four years of his sentence and cannot be returned to his pre-plea position, the only appropriate remedy for this alleged due process violation is to require the state to provide specific performance of the plea agreement.

Tome filed a petition for writ of habeas corpus in the Los Angeles California Superior Court on December 8, 2006, which issued a written ruling denying the petition on December 27, 2006. He subsequently filed an unsuccessful habeas petition in the California Court of Appeal. His petition for review was denied by the California Supreme Court on June 27, 2007. He filed the instant petition in this Court on August 3, 2007.

---

[2] Prior to July 1, 2005, the CDCR was known as the Department of Corrections.

2

## II.  LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes the federal review standard for a state court's adjudication of an application for a writ of habeas corpus.  28 U.S.C. § 2254 (d)(1-2) (2000).  It states that a federal court may not grant a writ of habeas corpus unless the state court's adjudication was either: (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.  *Id.*

The Supreme Court has held that there is a difference between "contrary to" clearly established law and an "unreasonable application" of that law under § 2254 (d)(1-2).  *Williams v. Taylor,* 529 U.S. 362, 404 (2000).  A decision is "contrary to" established federal law where either the state court's legal conclusion is contrary to that of the Supreme Court on a point of law, or is materially indistinguishable from a Supreme Court case, yet the legal result is opposite.  *Id.* at 404-05.  Conversely, an "unreasonable application" of established law applies where the state court identifies the correct governing legal rule from Supreme Court cases, yet unreasonably applies it to the facts of the particular state case.  *Id.* at 406.  The petitioner must do more than merely establish that the state court was wrong or erroneous. *Id.* at 409-10.  He must prove that the state court's application of clearly established federal law was objectively unreasonable.  *Id.* (stating "a federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively unreasonable.  The federal habeas court should not transform the inquiry into a subjective one.").

## II.  DISCUSSION

As a threshold matter, Respondent contends that the instant petition is time-barred because Tome received notice of his recalculated MEPD in 1992, well beyond AEDPA's one-year limitations period.  It is not clear from the record that Tome actually received written notice of the recalculation at that time.  However, even assuming that he did, Respondent cites no authority holding that such notice was sufficient to trigger the limitations period under AEDPA.

3

Case No. 5:07-cv-04008-JF
ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
(JFLC1)

1   The only reported cases that do address this question, which were cited in this Court's previous
2   order denying Respondent's motion to dismiss, hold that the limitations period begins to run
3   when a prisoner's MEPD comes and goes without a parole hearing or parole. *See, e.g., Crenshaw*
4   *v. Tilton,* No. 07-cv-1107-JM, 2008 WL 878887, at *2 (S.D. Cal. Mar. 28, 2008); *Cabales v.*
5   *Ayers,* No. C-06-6673-MHP, 2007 WL 1593869, at *10 (N.D. Cal. June 1, 2007); *Murphy v.*
6   *Espinoza,* 401 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005). Based on this authority, the Court
7   concludes that Tome's petition was filed within the limitations period; indeed, it was filed nearly
8   one year prior to Tome's original MEPD of June 17, 2007.

### A. States Must Fulfill Promises Made in Plea Agreements

The Supreme Court has established that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). This same principle has been echoed by the Ninth Circuit. *United States v. Hallam*, 472 F.2d 168, 169 (9th Cir. 1973) ("It is clear from *Santobello* . . . that due respect for the integrity of plea bargains demands that once a defendant has carried out his part of the bargain the Government must fulfill its part.").

The record indicates that at the time of sentencing, all parties agreed that Tome would receive full half-time credit for the purpose of calculating his MEPD. During the plea colloquy, both the prosecutor and defense counsel acknowledged that half-time credit would be available with respect to the entirety of Tome's sentence.[3] Although there was a clarification on the record about half-time, the clarification concerned whether the minimum sentence of forty-six years represented half-time or whole time.[4] The availability of half-time credit then was reaffirmed

---

[3] Defense counsel noted that it was unlikely anyone would get out "on half time on a first." The prosecutor replied, "We don't know that." Transcript of Plea Colloquy at 13, *People v. Tome*, Los Angeles County Superior Court, Case No. A803876 (Apr. 30, 1984).

[4] In reference to a period of forty-six years to life as the minimum time before which Tome would be eligible for parole the trial court asked, "that's based on the half time; right?" The prosecutor replied, "No, it's not half time. That would be whole time." *Id.* at 11.

expressly by the prosecutor.[5]

The trial court also assumed the availability of half-time credit in its order denying Tome's state habeas petition. However, rather than focusing on the due process implications of having promised the credit in the plea agreement, the court simply stated that it could not award such credits based on the changes in law after *In re Monigold*. *In re Tome*, Los Angeles County Superior Court Case No. BH 003762 (Dec. 27, 2006). The court apparently did not consider whether Tome was entitled to specific performance of the plea bargain under *Santobello*. Both the state appellate court and the state supreme court issued summary denials of Tome's claims.

**B. Tome was Entitled to Enforcement of his Plea Bargain**

In *Weaver v. Graham,* the Supreme Court struck down a retroactive deduction of gain-time awarded for an inmate's good behavior, concluding that such deduction violated the Ex Post Facto clause. 450 U.S. 24 (1981). The Court reasoned that the enactment of new formulas for computing gain-time could not be applied to postpone the date on which a prisoner would become eligible for release. *Id.* at 36. It held that a prisoner's eligibility for gain-time is determined by the laws in existence at the time of sentencing. *Id.* The same principle applies here: retroactive curtailment of an inmate's eligibility for parole runs afoul of the inmate's due process rights.

*In re Monigold* notwithstanding, the same is true under California law. "When the defendant waives his state court remedies and admits his guilt, he does so under the law then existing." *People v. Powers*, 151 Cal.App.3d 905, 915 (1984). In *People v. Arata,* 151 Cal.App.4th 778 (2007), the state appellate court held that a plea bargain was violated where retroactive application of an amendment to California law would prevent expungement of defendant's record as promised in the plea agreement. *Id.* at 786-89. The court held that even an express legislative intent of retroactive application does not warrant the impairment of a

---

[5] The prosecutor stated, "So you divide [the forty-six-year sentence] in half and you come up with the eligibility for parole, which is 23 years." *Id.*

defendant's due process rights. *Id.*[6]

*In re Williams*, 83 Cal.App.4th 936 (2000), cited by the trial court, does not compel a different result. *Williams* holds that "[a] plea bargain that purports to authorize the court to exercise a power it does not have is unlawful and may not be enforced." *Id.* at 944. However, *Williams* does not stand for the proposition that a valid plea bargain may be invalidated by laws enacted after the bargain is made.[7]

### III. ORDER

The instant petition for writ of habeas corpus is GRANTED. Because Tome is entitled not to release from custody but only to a parole hearing, Respondent shall provide Tome with a parole hearing forthwith.**[8]**

**IT IS SO ORDERED.**

DATED: 9/28/10

JEREMY FOGEL
United States District Judge

---

[6] Although a retroactive application of immigration law was permitted by the California Court of Appeal a year later in *People v. Paredes,* 160 Cal.App.4th 496, 511-13 (2008), the court noted that the petitioner had entered his guilty plea with full knowledge that the plea subsequently might affect his immigration status.

[7] In *Williams*, the defendant's plea bargain was found to be invalid because California law, *as it existed at the time of the plea bargain,* prevented defendants from obtaining presentence credit while serving a prior sentence, and the defendant was serving a prison sentence when he was promised such credit. 83 Cal.App.4th 936, 944 (2000).

[8] The Court expresses no opinion as to the merits of Tome's application for parole.